RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; myk@lnbyb.com; lls@lnbyb.com

Attorneys for Plaintiff, R. Todd Neilson,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ALENA INTERNET CORPORATION;<br>ALENA, LLC; HYDRODERM, LLC,<br><br>Debtors.<br>_____<br><br>R. TODD NEILSON, Chapter 11<br>Trustee,<br><br>Plaintiff,<br><br>v.<br><br>EFORCE MEDIA, INC.,<br><br>Defendant.<br>_____ | Case No. 2:08-bk-31745-RN<br><br>Jointly Administered With:<br>2:08-bk-31746-RN<br>2:08-bk-31747-RN<br><br>Chapter 11<br><br>Adv. No. 2:10-ap_____-RN<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS [11 U.S.C. §§ 547(b), 550(a), AND 551]** |

R. Todd Neilson (the "Plaintiff" and/or the "Trustee"), solely in his capacity as Chapter 11 Trustee for the bankruptcy estates of Alena Internet Corporation, Alena, LLC, and Hydroderm, LLC (collectively, the "Debtors"), against the above-captioned Defendant (the "Defendant"), respectfully alleges in his complaint to avoid and recover preferential transfers (the "Complaint"), the following:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2.    This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure and Sections 547, 550 and 551 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

3.    Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

4.    This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F), and (O).

## PARTIES

5.    On December 14, 2008 (the "Petition Date"), each of the Debtors commenced a bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.    On January 8, 2009, the Court issued an *"Order Granting Debtors' Emergency Motion For Joint Administration Of Cases"* (the "Order"). In accordance with the Order, the Debtors' cases are being jointly administered.

7.    On April 9, 2009, the Court entered an *"Order Directing Appointment Of Chapter 11 Trustee."* Subsequently, R. Todd Neilson was appointed as the Chapter 11 Trustee for the Debtors' estates.

8. Eforce Media, Inc. ("Defendant") was, at all times material hereto, a creditor of the Debtors during the period commencing ninety (90) days prior to the Petition Date and concluding on the Petition Date (the "Preference Period").

## STATEMENT OF FACTS

9. As set forth in **Exhibit "A,"** hereto which is attached for informational purposes only and is subject to amendment, and specifically incorporated herein by reference, the Debtors made transfers totaling not less than $25,000.00 to or for the benefit of the Defendant within the ninety (90) days prior to the Petition Date, together with any other transfers that may be subsequently identified (collectively, the "Transfers").

10. Prior to receiving the Transfers, (i) Defendant provided goods and/or services to the Debtors (or at least one of the Debtors) or (ii) the Debtors (or at least one of the Debtors) were otherwise indebted to the Defendant. After such debt was created, the Debtors made the Transfers on account of those obligations. As such, the Transfers were payments on account of antecedent debts owed by the Debtors to the Defendant.

## FIRST CLAIM FOR RELIEF

[FOR AVOIDANCE OF PREFERENTIAL TRANSFERS – 11 U.S.C § 547]

11. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 10, inclusive, as though fully set forth herein.

12. The Transfers were of a property interest of Debtors, or at least one of the Debtors.

13. The Transfers were made to or for the benefit of Defendant at a time in which the Defendant was a creditor of the Debtors, or at least one of the Debtors.

14. The Transfers were for or on account of an antecedent debt owed by Debtors, or at least one of the Debtors, before such Transfers were made.

15. The Transfers were made while the Debtors, or at least one of the Debtors, were insolvent.

16. The Transfers enabled Defendant to receive more than Defendant would otherwise receive if (a) Debtors' bankruptcy cases were a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by provisions of the Bankruptcy Code.

17. The Transfers may be avoided pursuant to 11 U.S.C. § 547(b).

18. The Debtors, or at least one of the Debtors, are entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF

[FOR RECOVERY OF PROPERTY - 11 U.S.C. § 550]

19. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Transfers, or any of them.

21. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers, together with interest thereon, as set forth above.

///

///

///

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For avoidance of the Transfers;

2. For recovery from Defendant by Plaintiff of the amount of the Transfers;

3. For recovery of attorneys' fees, interest, and costs, and

4. For such other and further relief as the Court deems just and proper.

Dated: December 10, 2010

LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.

By: _____
RON BENDER
MONICA Y. KIM
LINDSEY L. SMITH
Attorneys for R. Todd Neilson,
Chapter 11 Trustee

5

## EXHIBIT A

| Payment Date | Amount |
|---|---|
| 9/22/2008 | $25,000.00 |
| **Total:** | **$25,000.00** |

EXHIBIT A  PAGE 6

FORM B104 (08/07)                                                                         2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** R. TODD NEILSON, Chapter 11 Trustee, | **DEFENDANTS** EFORCE MEDIA, INC., |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Levene, Neale, Bender, Yoo & Brill L.L.P. 10250 Constellation Blvd., Ste. 1700 Los Angeles, CA 90067 310-229-1234 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance and Recovery of Preferential Transfers

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| **1** 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| **2** 14-Recovery of money/property - other §550(a) and 551 | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. |
|  | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| (continued next column) | |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

CCD-B104

FORM B104 (08/07), page 2                                                                   2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||| 
|---|---|---|
| **NAME OF DEBTOR** ALENA INTERNET CORPORATION; ALENA, LLC; et al. || **BANKRUPTCY CASE NO.** 2:08-bk-31745-RN |
| **DISTRICT IN WHICH CASE IS PENDING** CENTRAL | **DIVISIONAL OFFICE** LOS ANGELES | **NAME OF JUDGE** RICHARD M. NEITER |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*/S/LINDSEY L. SMITH*

| **DATE** December 10, 2010 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** LINDSEY L. SMITH |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| RON BENDER (SBN 143364)<br>MONICA Y. KIM (SBN 180139)<br>LINDSEY L. SMITH (SBN 265401)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, CA 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re: ALENA INTERNET CORPORATION; ALENA, LLC; HYDRODERM, LLC,<br><br>Debtor. | CHAPTER 11<br>CASE NUMBER 2:08-bk-31745-RN<br>ADVERSARY NUMBER |
|---|---|
| R. TODD NEILSON, Chapter 11 Trustee,<br>vs.<br>Plaintiff(s),<br>EFORCE MEDIA, INC.,<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| X  255 East Temple Street, Los Angeles | | 411 West Fourth Street, Santa Ana | |
| 21041 Burbank Boulevard, Woodland Hills | | 1415 State Street, Santa Barbara | |
| 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By:_____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

**F 7004-1**
F70041